FILED

12 SEP -5 AM 10:46

**IN THE UNITED STATES DISTRICT COURT**
**TAMPA DIVISION, TAMPA, FLORIDA**

**DAVID J. ELKINS,**
**Plaintiff,**

**v.**

**FEDERAL AVIATION ADMINISTRATION,**
**TWO UNKNOWN AGENCIES, ETAL,**
**DEFENDANTS.**

**CASE:** 8:12-CV-2009-T-35TGW

**FOIA COMPLAINT**
**FAILURE TO MAKE**
**DETERMINATION**

**DENIAL OF RECORDS**

---

## JURISDICTION

This case arises under the Freedom of Information Act. This court has jurisdiction under Title 5 USC sec 552 in this controversy

## PARTIES

Plaintiff is a resident of Saint Petersburg, Florida.

Defendant is the Federal Aviation Administration, a regulatory agency.

Two unknown agencies that have a substantial material interest in not disclosing requested records.

At all times FAA means Federal Aviation Administration.

At all times DEA means Drug Enforcement Agency.

At all times FOIA means Freedom of Information Act.

$350 & PD

TPA 13073

## PRELIMINARY STATEMENT

Plaintiff, also reserves the right to amend this complaint in the future. FAA has gone far past deadline of pertinent subsection of statute 5 USC 552 (a)(4)(A) (i) (i) and 5 USC sec 552 (a)(6)(A)( I ) (ii) and has in both cases exceeded one year and claiming under 49 CFR 7.16 and 7.33 that they are waiting for two other agencies to cooperate. No case like this has ever been filed anywhere. These records would be a great public interest if released and will be disseminated through a public media outlet for public awareness and debate.

## STATEMENT OF THE CASE

On September 8, 2008 Plaintiff filed action in the US District Court of Oregon, Portland Division, Elkins v FAA. 3:08-cv-1073, a FOIA action against the FAA, Western Services, Renton, Washington. FAA denied records under 7(e). FAA dropped 7(e) exemption and went to "High 2". Names of agencies were denied under "High 2". Plaintiff has already paid for search; there should be no fee acceessment. Plaintiff has re-filed for release of records May 12, 2011 under 2011-006306WS. Defendant FAA has failed to make determination either for release or denial for one year and four months. Defendant has failed to convey to plaintiff what extraordinary

circumstances have prevented them from making a determination as required under the statute. Plaintiff files suit for release of records

On September 15, 2010, plaintiff filed FOIA request 2010-008393ES, FAA, Eastern Services, College Park, Georgia. Defendant FAA denied recent release of records under exemption 7(a). Plaintiff filed an administrative appeal, appeal was denied. Plaintiff files suit for release of records

On August 1,2011 (FOIA #2011-008400ES), August 4,2011(FOIA# 2011-8402ES), and August 8, 2011(FOIA #2011-008403ES), plaintiff filed these FOIA requests. Defendant FAA for over a year 1month, has failed to make a determination for release as decribed under the statute. Defendant has also failed to convey what extraordinary circumstances have prevented them from making the determination as required under the statute. Plaintiff files suit for release of records.

**EXHIBITS**

| | |
|---|---|
| Exhibit #1 | FAA Correspondence relating for failure to make a determination |
| Exhibit #2 | Past FAA releases of law enforcement identification 2008-005875WS |
| Exhibit #3 | Total disclosure by FAA May 5, 2009 2010-004619ES |
| Exhibit #4 | FOIA denial in request 2010-008393ES |
| Exhibit #5 | FOIA request, no determination 2011-008400ES, 2011-008402ES, 2011-008403ES |
| Exhibit #6 | FOIA request, no determination 2011-006360ES |

## STATEMENT OF THE FACTS

Plaintiff files for release of records pertaining to law enforcement aircraft flights over the Portland area. Since 2005 and into 2008, the FAA used the 7e exemptions as a reason for denial. There were some releases of some records by one FOIA officer indicating the Portland police and FBI agency, identification, **(Exhibit 2)** were operating the aircraft, but exempted the radar plots, in-flight radio communications, etc under 7e. Plaintiff sued for release (Elkins v FAA et al 3:08CV1073PK ) of remaining FOIA records. In FOIA, "once this kind of information is released, it can not denied in the future". Also, the FAA by statute is not a law enforcement agency. It is a regulatory agency and can not use the category 7 exemptions, Weisman v CIA, 565, F.2d 692, 696 (DC Cir.1977), Church of Scientology v Department of the Army 611, F.2d 738, 749 (9th Cir. 1979). The FAA exempted the names of the law enforcement agencies under "High 2". Elkins v FAA et al 3:08CV1073 ended as partial disclosure, partial denial using "High 2" . Now in March of 2011, plaintiff reapplied for the remainder of the FOIA records (2011-00630WS) denied in the above action, since they were still within the six year time limit, and there was no "high 2" exemption written into the statute and Milner v Dept of Navy, No. 09-1163 2011 ended the conception of "High 2" The DC court determined in for FOIA purposes, the agency that creates the records, and who

controls the records at the time of the request, is the agency that the FOIA request should be directed to. Citizens For Responsible and Ethics in Washington v Department of Homeland Security 532, F.3d 860, 382 US App DC (2007).

1. The FAA of Renton Washington, Western Services and unknown agencies has sought to block determination, and has now pushed the limits of delay (1 year 4 months) in the most egrious, arbitrary and caprious manner by stating (Exhibit 1) they are waiting for two other agencies cooperation in making their determination of there FOIA records under CFR 7.16 and CFR 7.33. This violates the plain language of the statute 5 USC sec 552(a)(4)(A)(i)(I) and 5 USC sec 552 (a)(6)(A)(i ) (ii) Plaintiff has never applied to "any law enforcement agency or any federal agency" for FAA N-numbers (tail numbers), the name of law enforcement agency operating the aircraft, radar flight plots, radio telephony call signs, in flight radio communications, squawk codes, pre-flight plans, etc, because these type of records are not compiled for law enforcement use. They are passive records. N-numbers are on the FAA public web site including law enforcement n-numbers. In-flight radio communication can be monitored by an aviation band civilian radio. Radar plots and radio telephony call signs are the only records that the FAA control exclusively. Radar plots show aircraft in a particular airspace at a

particular time; radio telephony call signs are assigned to individuals operating aircraft squawk codes that identify aircraft. (NOTE: Radar plots can also be viewed in certain areas using the FAA's "end taps" feeds to www.passurslive.com (public website). It is an Airport flight monitor allowing civilians to estimate flight arrivals more accurately in order to reduce wait times at airports due to delays.

This act of failing to make a determination precludes any judicial review in the form of appeal, because no determination has been made, violates the Faster FIOA Act, The Open Government Act, and legislation that was intended to eliminate this kind of conduct. Since this was a new request (exhibit6) of already litigated records Elkins v FAA, 3:08CV1073PK, plaintiff files in court where plaintiff lives. These records reside with FAA Western services Renton, Washington. Plaintiff further alleges that revealing the two other agencies in order to ask them what substantial material interest in these records in order to facilitate and obtain the records. No explanation relating to "extraordinary circumstances" as required in the statute, has been cited to the plaintiff. As of September 4, 2012 no determination of release or extraordinary circumstances have been explained. Buc v FDA, 762 F. Supp 2d 62 DCDC 2011.

2. Plaintiff files suit for release records from denial of determination of release requested records from (Exhibit 5) 2011-008400, 2011-008402, 2011-008403, FAA Eastern Services , College Park Georgia. Again the FAA has refused to make a determination violating 5 USC sec 552 (a)(4)(A) (I) (ii) citing two other government agencies cooperation baring determination. Plaintiff has repeatedly contacted the FAA concerning the violation of the statute for failing to make determination. Plaintiff incorporates the above argument in paragraph as the same. Defendant FAA and unknown defendant agency's have sought to block determination for just over a year. No explanation relating to "extraordinary circumstances" as required in the statute, has been cited to the plaintiff. This and the above situation are exactly the same, and should be treated as the same for the purposes of this complaint. No Fee determination has been accessed in either. As of September 4, 2012 no determination of release or extraordinary circumstances been explained. Buc v FDA, 762 F.Supp. 2d 62 (D.C.D.C 2011)

3. Plaintiff files suit for release of records from FAA FOIA 2011-008393ES denied under 7a . Plaintiff filed an administrative appeal to the FAA for denial of records (Exhibit 4) Plaintiff relies on Weisman v CIA, 565, F.2d 692, 696, (DC Cir. 1977), Church of Scientology v Department of Army 611, F.2d

738, 749, (9th Cir. 1979) Elkins v FAA et al 3:08-CV-1073 and Milner v Dept of Navy, No. 09-1163 2011. Plaintiff has exhausted all administrative forms of relief including appeal of adverse determination for withholding requested records thru FOIA. No fee determination has been made.

Under no circumstances does the FAA compile these kind of records for regular law enforcement use. They would serve no purpose in a investigation.

**REQUEST FOR RELIEF**

Plaintiff seeks release of **(exhibit 6 )** and all remaining records denied in Elkins v FAA etal 3:08CV1073PK, seeks release of records 2011-008400ES, 2011-008402ES, 2011-008403ES. Because the FAA failed to make a determination as required by the statute in the prescribed amount of working days, failed to describe what extraordinary circumstances caused the delay in determination under the statute in the prescribed amount of working days and what authority allows them from making determination under CFR 7.16 and CFR 7.33, have failed to make a determination in both FOIA requests under the statute, under the prescribed language. Plaintiff seeks the names of agencies to which they attribute delay of determination As of September 4, 2012 no determination to release has been made or extraordinary circumstances explained.

Plaintiff seeks release of records under title 5 USC sec 552 of the Freedom of Information Act in FOIA request 2010-008393(ES) from the Federal Aviation Administration that were denied under exemption 7(a). The FAA used the 7(a) exemption when stated in (exhibit 4 ), the DEA had no material interest in FOIA 2010-008393(ES). Therefore 7(a) did not apply, even though the FAA is not a law enforcement agency by statute designation and cannot use law enforcement exemptions for the type of records requesting.

**DECLATORY AND INJUNCTIVE RELIEF**

1. Holding that: The FAA and two unknown agencies actions are arbitrary and caprious and have violated the Open Government Act and Faster FOIA Act.
2. The FAA has used exemptions not allowed by statute in making determinations and should refrain from using any exemption 7 a-f, or allow A delay in making determination unless extraordinary circumstances are explained by a date in which a forth coming determination is expected.
3. All other forms of relief are just and fair.

Respectfully submitted this 5 day of September, 2012.

David J. Elkins Pro se
4743 38th Avenue N.
Saint Petersburg Fl, 33713
727-415-8480
shirleyelkins@rocketmail.com