UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID ELKINS,

    Plaintiff,

v.                                    Case No. 8:12-cv-2009-MSS-TGW

FEDERAL AVIATION ADMINISTRATION

    Defendant.
_____/

**OPPOSED MOTION TO REDESIGNATE ACTION AS A
TRACK ONE CASE, OR, IN THE ALTERNATIVE, UNOPPOSED MOTION TO
EXTEND THE DEADLINE FOR FILING CASE MANAGEMENT REPORT**

    Defendant, the FEDERAL AVIATION ADMINISTRATION, through its counsel, the United States Attorney, Middle District of Florida, hereby moves this Court for an Order redesignating this action as a Track One case in accordance with Local Rule 3.05(b)(1).  In the alternative, Defendant respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 6(b)(1)(a), to extend the deadline to file a Case Management Report ("CMR"), currently set for February 11, 2013, until seven (7) days after the Court's ruling on this motion.  In support of its motion, Defendant states as follows:

    1.    Plaintiff filed suit on September 5, 2012 (Doc. 1) pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

    2.    On September 7, 2012, the Court designated this action as a Track Two case in accordance with Local Rule 3.05 (Doc. 3).

3. On December 13, 2012, Plaintiff served the United States Attorney's Office, Tampa Division, and Defendant filed its Answer and Affirmative Defenses (Doc. 20) on January 4, 2013.

4. A Case Management Report is due to be filed no later than February 11, 2013.

5. FOIA actions may appropriately be designated as Track One cases because discovery generally is unavailable in such actions and because they are typically resolved on motions for summary judgment, and thus do not need to be placed on a trial calendar.

7. The instant action is well suited to a Track One designation. Most of the documents at issue have been produced by Defendant, albeit in redacted form. The documents that Defendant has withheld have been identified for Plaintiff and have been classified as falling within various exemptions as required by the law. Accordingly, the issue to be decided here is fundamentally legal in nature, namely whether the redactions and the withholding of certain documents are supported by the law. Each party will be in a position to file motions for summary judgment and any required indices and affidavits with the Court without engaging in discovery.

8. This motion is made in good faith and not for the purposes of delay. Granting this motion is in the interest of justice and will not legally prejudice any party.

WHEREFORE, Defendant respectfully requests that this Court redesignate this action as a Track One case.

**MEMORANDUM OF LAW**

Although FOIA actions are not explicitly designated as Track One Cases under the Local Rules, a review of those rules, rules from other courts and caselaw show that Track One is an appropriate designation for the instant FOIA case.

Pursuant to the Local Rules of the Middle District of Florida, all cases receive one of three track designations for case management purposes. See Local Rule 3.05(a), (b). In Track Two and Three cases, the parties must prepare and submit a CMR setting forth, inter alia, a proposed discovery plan and trial date. See Local Rule 3.05(c)(2)-(3). Track One cases are exempt from this requirement. Similarly, Track One cases are exempt from the initial disclosure provisions of Rule 26(a)(1) of the Federal Rules of Civil Procedure. See Local Rule 3.05(d). After a case is designated onto a particular track, "[t]he presiding judge may thereafter direct at any time that a case be redesignated from one track to a different track." Local Rule 3.05(a).

Local Rule 3.05 (b)(1) lists eight categories of Track One cases; the list is varied, but many are cases seeking to challenge government action, or cases where there is or might have been prior administrative or executive action. See Local Rule 3.05(b)(1)(A),(B),(D),(E),(F). Although FOIA actions are not mentioned specifically in the Local Rules, the list of Track One cases is not exhaustive, as is demonstrated by a review of other portions of Rule 3.05. For example, in setting forth how some Track One cases will be scheduled and managed, Rule 3.05(c)(1)(A) references "[g]overnment foreclosure" actions and those actions seeking to "withdraw references to the Bankruptcy Court," neither of which are mentioned or fit within the categories listed in Rule 3.05(b)(1). While some are actions in which the Court is reviewing a finite

3

record or applying a deferential standard of review, others are original actions. See Local Rule 3.05(b)(1)(C),(E),(F).

The amenability of FOIA actions to a Track One designation, and the propriety of so designating such cases, is confirmed by the practice in the United States District Court for the District of Columbia, where a significant portion of the nation's FOIA actions are filed. The local rules for that district list "FOIA actions" as the ninth category for Track One type actions in their equivalent to our Local Rule 3.05. As a result, FOIA actions are exempt from the Rule 26(f) conference and the Rule 26(a)(1) initial disclosure requirements set forth in the Federal Rules of Civil Procedure. See Rules of the United States District Court for the District of Columbia ("D.D.C. Rules"), LCvR 16.3. The Court explains that it added this ninth category for FOIA actions:

> because they are actions that typically do not require discovery or actions in which an initial disclosure requirement would not make sense.

D.D.C. Rules, Comment to LCvR 16.3(b); see also D.D.C. rules, LCvR 26.2(a)(9).

A Track One designation is appropriate in FOIA cases because actions brought under the FOIA are usually resolved by motions for summary judgment. See Miscavige v. Internal Revenue Serv., 2 F.3d 366, 369 (11th Cir.1993) ("Generally, FOIA cases should be handled on motions for summary judgment . . . ."); Judicial Watch, Inc. v. Export-Import Bank, 108 F. Supp.2d 19, 25 (D.D.C. 2000) ("FOIA litigation is typically adjudicated through summary judgment.").

A petitioner may meet its summary judgment burden in a FOIA case by showing, inter alia, that an agency has improperly withheld agency records. See Alley v. United States Dept. of Health and Human Services, 590 F.3d 1195, 1202-03 (11th Cir. 2009).

On the other hand, an agency may meet its burden by submitting "declarations supplying facts indicating that the agency has conducted a thorough search and giving reasonably detailed explanations why any withheld documents fall within an exemption." Carney v. United States Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994); see also Miscavige, 2 F.3d at 368.

A court may permit discovery if there is a genuine issue regarding (1) the adequacy of the agency's search, (2) the agency's identification and retrieval procedures, or (3) whether the agency acted in good or bad faith. See Tamayo v. United States Dep't of Justice, 544 F.Supp.2d 1341, 1344 (S.D. Fla. 2008) (citations omitted). Ordinarily, however, if a court is inclined to allow limited discovery, it will do so after an agency has moved for summary judgment. See id. In such cases, any discovery is generally limited to the adequacy of the agency's search and its indexing and classification procedures. See Heily v. Department of Commerce, 69 Fed. Appx. 171, 174 (4th Cir. 2003). Nevertheless, even where a court finds that "an agency's affidavits regarding its search are deficient, courts often still do not grant discovery but instead direct the agency to supplement its affidavits." Tamayo, 544 F.Supp.2d at 1344 (citations omitted). In short, discovery is unnecessary if the court has the information it needs to make a decision on the matters presented to it. See generally, Miscavige, 2 F.3d at 367-369.

Defendant here has produced most of the documents at issue, albeit in partially redacted form, and the remaining documents have been identified for Plaintiff and have been classified as falling within various exemptions recognized by the law. Thus, the issue in this case is whether Defendant's specific redactions and claims of exemptions

are supported by the law, in which case "the [C]ourt may forgo discovery and award summary judgment." Carney, 19 F.3d at 812 (citation omitted); see also Simmons v. United States Dep't of Justice, 796 F.2d 709, 712 (4th Cir. 1986); Wheeler v. Central Intelligence Agency, 271 F. Supp.2d 132, 139 (D.D.C. 2003) (noting "[d]iscovery is generally unavailable in FOIA actions); Judicial Watch, 108 F. Supp.2d at 25 (stating "discovery in a FOIA action is generally inappropriate.") (quotation omitted); Miscavige, 2 F.3d at 367 (affirming district court denial of leave to take discovery depositions). In this case, the parties will be in a position to file motions for summary judgment and any required indices and affidavits with the Court without engaging in discovery. It is therefore appropriate for the Court to relieve the parties of the discovery-related burdens associated with a Track Two designation. Accordingly, this FOIA action would properly be designated as a Track One cases for case management purposes.

The parties have also conferred about the need for a CMR should the Court deny this motion. With the due date for filing the CMR approaching, Defendant respectfully moves the Court, in the alternative, pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), to extend the deadline for filing the CMR, currently set for February 11, 2013, until seven (7) days after the Court issues an order regarding this motion. Plaintiff does not oppose an extension of the deadline for filing the CMR. Under Rule 6(b)(1), the Court may at its discretion extend the time for filing the CMR for good cause. See Fed. R. Civ. P. 6(b)(1). The requested extension will serve the interests of justice. First, it will provide the parties with sufficient time to file a CMR should the Court deny redesignation of this case. Second, the extension will not prejudice any of the parties. Third, an extension is unlikely to delay the resolution of this case. Having shown good

cause, Defendant respectfully moves this Court, in the alternative, for an extension of time until seven (7) days after an order on this motion has issued.

## LOCAL RULE 3.01(g) CERTIFICATION

The parties have conferred about the present motion and Plaintiff opposes the motion to redesignate this case, but he does not oppose Defendant's request that the Court extend the deadline for filing a CMR until seven (7) days after the Court rules on this motion.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Court enter an order redesignating this FOIA action as a Track One case pursuant to Local Rule 3.05(b)(1).


/ / /



/ / /

In the alternative, Defendant respectfully moves the Court to extend the deadline to file the CMR, currently set for February 11, 2013, until seven (7) days after the issuance of the Court's order regarding this motion.

Dated this 30th day of January, 2013.

        Respectfully submitted,

        **ROBERT E. O'NEILL**
        United States Attorney

By:   *s/E. Kenneth Stegeby*
        **E. KENNETH STEGEBY**
        Assistant U.S. Attorney
        USAO No. 112
        400 North Tampa Street
        Suite 3200
        Tampa, Florida 33602
        Telephone: 813.274.6087
        Facsimile: 813.274.6198
        E-mail: Kenneth.Stegeby@usdoj.gov
        Counsel for Defendant

        **OF COUNSEL:**
        Theresa M. Gegen
        Texas Bar No. 00793791
        Email: Theresa.m.gegen@usps.gov
        Attorney
        U.S. Postal Service
        Law Dept. Southwest Office
        P.O. Box 227078
        Dallas TX 75222-7078
        Telephone: 214.252.6178
        Facsimile: 214.252.6170

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and that a true and correct copy of the foregoing document was sent by United States Mail to the following non-CM/ECF participant:

>Kirk Tostige
>16601 East Course Drive
>Tampa, FL 33624-6706
>Pro Se

    *s/E. Kenneth Stegeby*
**E. KENNETH STEGEBY**
Assistant U.S. Attorney