# IN THE UNITED STATES DISTRICT COURT
## TAMPA DIVISION, TAMPA, FLORIDA

**DAVID J. ELKINS,**                    **CASE:**  8:12=CV-2009-T-35-TGW
            **Plaintiff,**

                                        **FOIA COMPLAINT**
            **v.**                      **FAILURE TO MAKE**
                                        **DETERMINATION**
**FEDERAL AVIATION ADMINISTRATION**,    **SECOND AMENDED**
**ETAL,**                               **COMPLAINT**
            **Defendants.**             **DENIAL OF RECORDS**    .
_____

## JURISDICTION

This case arises under the Freedom of Information Act.  This court has

jurisdiction under Title 28 USC sec 1331 and 5 USC sec 552 in this controversy.

## PARTIES

Plaintiff is a resident of Saint Petersburg, Florida.

Defendant is the Federal Aviation Administration, a regulatory agency.

Two unknown agencies that have a substantial material interest in not disclosing

requested records.

At all times FAA means Federal Aviation Administration.

At all times DEA means Drug Enforcement Agency.

At all times FOIA means Freedom of Information Act.

(1)

## PRELIMINARY STATEMENT

Plaintiff, also reserves the right to amend this complaint in the future.  FAA

has gone far past deadline of  pertinent subsection of statute 5 USC 552 (a)(6)(A) (i)

and 5 USC sec 552 (a)(6)(B)( i ) (ii)(iii)(III) and 5USC sec 552 (a)(6)( C)( i )(ii)

has in both cases exceeded one year and claiming under 49 CFR 7.16 and 7.33 that

they are waiting for two other agencies to cooperate which violates the statute.

Plaintiff never agreed to an extension past 30 days or to allow two unknown agency's

to make a  determination.

Defendant FAA has denied release records using exemption 7(a)

which is exclusive for law enforcement agencies.  No case like this has ever been

filed anywhere.  These records would be a great public interest if released and will be

disseminated through a public media outlet for public awareness and debate.

## STATEMENT OF THE CASE

On September 8, 2008 Plaintiff filed action in the US District Court of

Oregon, Portland Division,  Elkins v FAA. 3:08-cv-1073, a FOIA action against the

FAA, Western Services, Renton, Washington.  FAA denied records under 7(e).  FAA

dropped 7(e) exemption and went to "High 2".  Names of agencies were denied under

"High 2".  Plaintiff has already paid for search; there should be no fee acceessment.

(2)

Plaintiff has re-filed for release of records May 12, 2011 under 2011-006306WS. Defendant FAA has failed to make determination either for release or denial for one year and four months. Defendant has failed to convey to plaintiff what extraordinary circumstances have prevented them from making a determination as required under the statute. Plaintiff files suit for release of records.

On September 15, 2010, plaintiff filed FOIA request 2010-008393ES, FAA, Eastern Services, College Park, Georgia. Defendant FAA denied recent release of records under exemption 7(a). Plaintiff filed an administrative appeal, appeal was denied. Plaintiff files suit for release of records

On August 1,2011 (FOIA #2011-008400ES), August 4,2011(FOIA# 2011-8402ES), and August 8, 2011(FOIA #2011-008403ES), plaintiff filed these FOIA requests. Defendant FAA for over a year 1month, has failed to make a determination for release as decribed under the statute. Defendant has also failed to convey what extraordinary circumstances have prevented them from making the determination as required under the statute. Plaintiff files suit for release of records.

## EXHIBITS

| Exhibit #1 | FAA Correspondence relating for failure to make a determination |
|---|---|
| Exhibit #2 | Past FAA releases of law enforcement identification 2008-005875WS |

(3)

Exhibit #3          Total disclosure by FAA May 5, 2009 2010-004619ES

Exhibit #4          FOIA denial in  request 2010-008393ES

Exhibit #5          FOIA request,  no determination 2011-008400ES, 2011-008402ES, 2011-008403ES

Exhibit #6          FOIA request, no determination 2011-006360ES

Exhibit #7          FOIA request, no determination 2013-002230ES

## STATEMENT OF THE FACTS

Plaintiff files for release of records pertaining to law enforcement aircraft flights over the Portland area. Since 2005 and into 2008, the FAA used the 7e exemptions as a reason for denial.  There were some releases of some records by one FOIA  officer indicating the Portland police and FBI agency, identification, (Exhibit 2) were operating the aircraft, but exempted the radar plots, in-flight radio communications, etc under 7e. Plaintiff sued for release (Elkins v FAA et al 3:08CV1073PK ) of remaining FOIA records.  In FOIA, "once this kind of information is released,  it can not denied in the future".  Also, the FAA by statute is not a law enforcement agency.  It is a regulatory agency and can not use the category 7 exemptions, Weisman v CIA, 565, F.2d 692, 696 (DC Cir.1977), Church of Scientology v Department of the Army 611, F.2d 738, 749 (9th Cir. 1979). The FAA  exempted the names of the law enforcement agencies under "High 2".

(4)

Elkins v FAA et al 3:08CV1073 ended as partial disclosure, partial denial using
"High 2" . Now in March of 2011, plaintiff reapplied for the remainder of the FOIA
records (2011-00630WS) denied in the above action, since they were still within the
six year time limit, and there was no "High 2" exemption written into the statute and
Milner v Dept of Navy, No. 09-1163 2011 ended the conception of "High 2 ".  The
DC court determined in for FOIA purposes, the agency that creates the records, and
who controls the records at the time of the request, is the agency that the FOIA
request should be directed to. Citizens For Responsible and Ethics in Washington v
Department of Homeland Security 532, F.3d 860, 382 US App DC (2007).

1.      The FAA of Renton Washington, Western Services and unknown agencies has
        sought to block determination, and has now pushed the limits of delay (1 year
        4 months) in the most egrious, arbitrary and capricious manner by stating
        (Exhibit 1) they are waiting for two other  agencies cooperation in making
        their determination of there FOIA records under CFR 7.16 and CFR 7.33.
        This violates the plain language of the statute 5 USC sec 552(a)(6)(A)(i)
        and 5 USC sec 552 (a)(6)(B)(i ) (ii) (iii) (I)(II)(III), 5 USC sec 552 (a)(6)( C)
        ( i ) (ii) Plaintiff has never applied to "any law enforcement agency or any
        federal agency" for FAA N-numbers (tail numbers), the name of law
        enforcement agency operating the aircraft, radar flight plots, radio telephony

call signs, in flight radio communications, squawk codes, pre-flight plans, etc, because these type of records are not compiled for law enforcement use. They are passive records.  N-numbers are on the FAA  public web site including law enforcement n-numbers.  In-flight radio communication can be monitored by an aviation band civilian radio.  Radar plots and radio telephony call signs are the only records that the FAA control exclusively.  Radar plots show aircraft in a particular airspace at a  particular time; radio telephony call signs are assigned to individuals operating aircraft squawk codes that identify aircraft.  (NOTE: Radar plots can also be viewed in certain areas using the FAA's "end taps" feeds to www.passurslive.com (public website).  It is an airport flight monitor allowing civilians to estimate flight arrivals more accurately in order to reduce wait times at airports due to delays.

This act of failing to make a determination precludes any judicial review in the form of appeal, because no determination has been made, violates the text of the statute and Faster FIOA Act, The Open Government Act, and legislation that was intended to eliminate this kind of conduct. Since this was a new request (exhibit 6) of already litigated records Elkins v FAA, 3:08CV1073PK, plaintiff files in court where plaintiff lives. These records reside with FAA Western services Renton, Washington.  Plaintiff further

(6)

alleges that revealing the two other agencies in order to ask them what

substantial material interest in  these records in order to facilitate and obtain

the records. No explanation relating to "extraordinary circumstances" as

required in the statute, has been cited to the plaintiff. As of September 4, 2012

no determination of release or extraordinary circumstances  have been

explained. Buc v FDA, 762 F. Supp2d 62 DCDC 2011.

2.    Plaintiff files suit for release records from denial of determination of release

requested records from (Exhibit 5) 2011-008400, 2011-008402, 2011-008403,

FAA Eastern Services , College Park Georgia. Again the FAA has refused to

make a determination violating 5 USC sec 552 (a)(6)(A)( i ), 5 USC 552

(a)(6)( B )(i)(ii) (iii)(III), 5 USC sec 552 (a)(6)( C ) ( i )(ii) citing two

other government agencies cooperation baring determination. Plaintiff has

repeatedly contacted the FAA concerning the violation of the statute for

failing to make determination. Plaintiff incorporates the above argument in

paragraph as the same. Defendant FAA and unknown defendant agency's

have sought to block determination for just over a year. No explanation

relating to "extraordinary circumstances" as required in the statute, has been

cited to the plaintiff. This and the above situation are exactly the same, and

should be treated as the same for the purposes of this complaint. No Fee

(7)

determination has been accessed in either. As of September 4, 2012 no

determination of release or extraordinary circumstances been explained. Buc

v FDA, 762 F.Supp. 2d 62 (D.C.D.C 2011)

3.    Plaintiff files suit for release of records from FAA FOIA 2011-008393ES

denied under 7a . Plaintiff filed an administrative appeal to the FAA for denial

of records (Exhibit 4)  Plaintiff relies on Weisman v CIA, 565, F.2d 692,

696, (DC Cir. 1977), Church of Scientology v Department of Army 611, F.2d

738, 749, (9th Cir. 1979)  Elkins v FAA et al 3:08-CV-1073 and Milner v

Dept of Navy, No. 09-1163 2011.  Plaintiff has exhausted all administrative

forms of relief including appeal of adverse determination for withholding

requested records thru FOIA. No fee determination has been made. Exhibit #3

FOIA  2010-004619ES is a full disclosure by the FAA of the exact same kind

of records that are being withheld in FOIA 2011-008393ES. This is an

example of the flip-flop denial-disclosure posture the FAA and DOJ have

perpetrated in an attempt thwart lawful disclosure of the plaintiff's request.

Under no circumstances does the FAA compile these kind of records for

regular law enforcement use. They would serve no purpose in a investigation,

nor would they reveal any technique not already known to the general public.

4.    Plaintiff is requesting all records in 2013-002230ES. Defendant, FAA, has

(8)

failed to make a determination for denial or release of records requested as

prescribed under 5 USC sec 552 (a)(6)(A)(i). Defendant, FAA, has also failed

to give plaintiff any explanation for "extraordinary circumstances" as to why

they cannot process the FOIA request. Plaintiff requested in a phone

conversation with FAA FOIA supervisor Markus D. Smith on March 20, 2013

if he could send me a letter as to the status for determination of this request.

No reply has been forth coming from the FAA on this matter, replicating

almost identical the other four outstanding FOIAs that no determination was

made with the exception that they did not state they were waiting for the

cooperation of another agency.

## REQUEST FOR RELIEF

Plaintiff seeks release of (exhibit 6 ) and all remaining records denied in

Elkins v FAA etal 3:08CV1073PK,  FOIA 2011-006306WS.  Plaintiff seeks release
of

all records for 2011-008400ES, 2011-008402ES, 2011-008403ES.  Because the  FAA

failed to  make a determination as required by the statute in the prescribed amount of

working days, failed to describe what extraordinary circumstances caused the delay in

determination under the statute in the prescribed amount of working days and what

authority allows them from making determination under CFR 7.16 and CFR 7.33,

have failed to make a determination in both FOIA requests under the statute, under

(9)

the prescribed language of the statute.

Plaintiff seeks the names of agencies to which they attribute delay of determination as of September 4, 2012 no determination to release has been made or extraordinary circumstances explained.

Plaintiff seeks release of all records requested in 2013-002230ES for failing to make a determination for release or denial as prescribed under 5 USC sec 552 (a)(6)(A)(i).

Plaintiff seeks release of records under title 5 USC sec 552 of the Freedom of Information Act in FOIA request 2010-008393(ES) from the Federal Aviation Administration that were denied under exemption 7(a). The FAA used the 7(a) exemption when stated in (exhibit 4 ), the DEA had no material interest in FOIA 2010-008393(ES). Therefore 7(a) did not apply, even though the FAA is not a law enforcement agency by statute designation and cannot use law enforcement exemptions for the type of records requesting.

## DECLATORY RELIEF

1. Holding that: The FAA and two unknown agencies actions are arbitrary and capricious and have violated the Open Government Act and Faster FOIA Act and section (a)(6)(A)( i ), section (a)(6)(B)( )(ii)(iii)(III), section (a)(6)( C )( i ) (ii) of the Freedom Of Information Act title 5 USC sec 552.

(10)

2.     The FAA has used exemptions not allowed by statute in making

determinations and should refrain from using any exemption 7( a)(f) in the

future nor be allow to delay making determination unless extraordinary

circumstances are explained by a date in which a forth coming determination

is expected.

3..     That the FAA  can not enter into an agreement that  allows other agency's to

make final determination of there records or an agreement that violates the

statute.

4.     All other forms of relief granted by this court that are fair and just.

(11)
## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 11th, 2013, I electronically filed the foregoing

with the Clerk of the Court by using the CME/ECF system and that a true and correct

copy was electronically emailed to :

Erik Kenneth Stegeby
US Attorney's Office-FLM
Suite 3200
400 N Tampa St
Tampa, FL 33602
813/274-6087  Fax: 813/274-6200
Kenneth.Stegeby@usdoj.gov

Respectfully submitted this 10th day of May, 2013.

s/David J Elkins
David J. Elkins  Pro se
4743 38th Avenue N.
Saint Petersburg Fl, 33713
727-415-8480
shirleyelkins@rocketmail.com

(12)

*Plaintiff's Exhibit*



U.S. Department
of Transportation

**Federal Aviation
Administration**

**Office of the Air Traffic Organization**
Western Service Area

1601 Lind Avenue Southwest
Renton, Washington 98057

MAY **2 3** 2012

CERTIFIED MAIL – RETURN RECEIPT REQUESTED
COPY VIA FIRST CLASS MAIL

Mr. David J. Elkins
P.O. Box 531613
St. Petersburg, FL 33747-1613

Dear Mr. Elkins:

Subject:  Freedom of Information Act (FOIA) Request 2011-006360WS

This is an Air Traffic Organization (ATO), Western Service Area, interim response to your
FOIA request dated May 12, 2011, and amended June 15, 2011, made under the provisions
of Title 5 United States Code, Section 552. You have requested a copy of all records
previously denied to you by the Federal Aviation Administration, Renton, Washington
office.

In our interim responses dated August 18, 2011, October 6, 2011, and November 22, 2011,
you were advised that our office has identified records responsive to your request.
However, some of the records identified may be of interest to other government
offices/agencies. Therefore, in accordance with 49 Code of Federal Regulations, Section
7.16, you were advised that we must coordinate with those offices on the disclosure of these
records.

This is to notify you that these records are still being reviewed. We will continue to provide
you with updates on the progress of your case until its completion. If you have questions,
please contact Ms. Ann Ward, FOIA Officer, ATO, Western Service Area, at
(425) 203-4139.

Thank you for your continued patience.

Sincerely,

Johnathon Calkins
Manager, Management Support Team
ATO, Western Service Center

Plaintiff's Exhibit #2



U.S. Department
of Transportation

**Federal Aviation
Administration**

**Office of the Air Traffic Organization**
Western Service Area

1601 Lind Avenue Southwest
Renton, Washington 98057

JUL 2 9 2008

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Mr. David Elkins
10214 S.W. Conestoga Drive
Apt. #70
Beaverton, Oregon 97008

Dear Mr. Elkins:

Subject: Freedom of Information Act (FOIA) Request 2008-005875WS

This is an Air Traffic Organization (ATO), Western Service Area, full-disclosure response
to your FOIA request of June 18, 2008. This request was made under the provisions of Title
5 United States Code, Section 552 and sought aircraft identification information from
previous FOIA requests.

A search for records was conducted at the Western Service Area, Administrative Services
Group FOIA Office on July 21, 2008. The following information was found in the
associated FOIA files and is considered to be responsive to your request. Should you wish
the Portland Airport Traffic Control Tower to conduct a separate search you will need to
agree to fees and resubmit your request.

| FOIA No. | Date | Call Sign Identification Group |
|---|---|---|
| 2005-004772NM-4 | March 20, 2005 | Other Law Enforcement Agency with a special need |
| 2005-005748NM | May 13, 2005 | Other Law Enforcement Agency with a special need |
| 2006-001493NM | October 5, 2005 | Federal Bureau of Investigation |
| 2006-001215WS | December 8, 2005 | Other Law Enforcement Agency with a special need |
| 2007-004334WS | March 18, 2007 | Other Law Enforcement Agency with a special need |
| 2007-005962WS | May 1, 2007 | Federal Bureau of Investigation |
| 2008-001675WS | December 14, 2007 | Other Law Enforcement Agency with a special need |
| 2008-003783WS | March 12, 2008 | Other Law Enforcement Agency with a special need |

Your request qualifies for the "All Other" fee category whereby you are not charged for the
first two hours of search time, any review time, and the first 100 pages of documents. There
is no charge for processing this request.

Sincerely,

J. Mark Reeves
Director, ATO Western Service Center

ORIGINAL

Plaintiff's Exhibit
#3, P.1

RECIEVED 6/10/09

**U.S. Department
of Transportation**

**Federal Aviation
Administration**

1701 Columbia Avenue
College Park, GA 30337

JUN 0 5 2009

**Certified Mail – Return Receipt**

Mr. David J. Elkins
3910 Central Avenue
Apartment 303
Fort Myers, Florida 33901

Dear Mr. Elkins:

**Subject:** Freedom of Information Act (FOIA) Control No. 2009-004619(ES)

This is a full disclosure response to your FOIA request dated May13, 2009 made under the
provisions of Title 5 United States Code, Section 552 to the Federal Aviation Administration.
You requested information concerning a plane that was following an odd flight path in the
Fort Myers, Florida, area on May 5, 2009.

Enclosed are two compact disks from Southwest Florida International Airport Traffic Control
Tower of the following data:
- Voice re-recording of east arrival radar position – 2030-2145 UTC
- Radar data - 2030-2145 UTC

Enclosed is an invoice containing the amount due and payment instructions.

Your request has been assigned FOIA Control No. 2009-004619(ES).  Please refer to this control
number in all subsequent correspondence.  If you have any questions regarding this request, you
may contact Patricia Facey, Administrative Services Group, ATO Eastern Service Center at
(404) 305-5526.

Sincerely,

Felix J. Enriquez
Director, ATO Eastern Service Center

Enclosures



U.S. Department
of Transportation

**Federal Aviation
Administration**

1701 Columbia Avenue
College Park, GA 30337

JUN 1 9 2009

**Certified Mail – Return Receipt**

Mr. David J. Elkins
3910 Central Avenue
Apartment 303
Fort Myers, Florida 33901

Dear Mr. Elkins:

**Subject:** Freedom of Information Act (FOIA) Control No. 2009-004619(ES)

This is in further response to your original and amended FOIA request dated May 13, 2009 and
May 26, 2009 respectively, made under the provisions of Title 5 United States Code, Section 552
to the Federal Aviation Administration. You requested information concerning the flight path of
aircraft registration #N852LR in the Fort Myers, Florida, area on May 5, 2009.

The aircraft registration number you provided is registered to the Department of Justice (DOJ).
The aircraft you are inquiring about is FLNT431 that is a Drug Enforcement Administration
(DEA) tactical call sign. However, we have no way of confirming what DOJ entity was flying
that particular aircraft on May 5, 2009. The DEA should be able to provide you with that
information.

DEA, Headquarters
Freedom of Information Act
ATTN: Katherine Myrick
8701 Morrissette Drive
Springfield, Virginia 22152
Phone Number: (202) 307-7596

In our letter to you dated June 5, 2009 we disclosed all information in the possession of the ATO
Eastern Service Area. The FAA has no records concerning items #1, #4, #5, #6, #7, #8, #9, #10,
#11, and #12.



U.S. Department
of Transportation

**Federal Aviation
Administration**

800 Independence Ave., S.W.
Washington, D.C. 20591

JUN 22 2011

Mr. David J. Elkins
4905 34th Street S., #169
St. Petersburg, FL 33711

RE: FOIA Appeal #10-8393A    *2010 - 008393ES*

Dear Mr. Elkins:

This letter responds to your October 19, 2010, administrative appeal under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. You are appealing the Federal Aviation Administration's (FAA) October 13, 2010, initial determination to deny your FOIA request of September 15, 2010, for information concerning an aircraft circling Sarasota-Bradenton International Airport, over Tamiami Trail in Brandenton, Florida on September 14, 2010 at 4:45 PM. You specifically requested the following records:

1. Records confirming the N number as 852LR.
2. Records confirming the law enforcement agency operating the aircraft.
3. Records of the radio call sign.
4. Radar plot of 852LR between 4:30 PM and 5:15 PM over Brandenton, Florida.
5. In-flight radio communication with Tampa and Sarasota-Bradenton Airport Air Traffic Control Tower.
6. Records of a preflight plan filed on or before September 14, 2010.
7. A letter acknowledgement from the FAA concerning this request.

In his initial response to your request, the FAA's Southern Regional Administrator stated that the requested information was part of an ongoing investigation by the Drug Enforcement Administration (DEA) and that release of the information would interfere with that investigation. He found that the records were protected from release under Exemption 7(A) of the FOIA, 5 U.S.C § 552(b)(7)(A).

In your appeal, you state that since the FAA acknowledged that the aircraft was operated by the DEA, you are only appealing the withholding of the radar plot, radio telephone call sign, and the in-flight radio communications with either Sarasota/Brandenton tower or Tampa tower. You also state that the FAA is not a law enforcement agency by statute and is not participating with the DEA in an active role in the investigation or sharing of records and therefore Exemption 7 does not apply in this case. You assert that the withheld records do not disclose any tactic or policy not already known to the public that can be monitored by scanners. You discuss a previous lawsuit against the FAA where the agency determined not to use Exemption 7 and relied instead on Exemption "High 2." You conclude that the records are of great public importance because it will show that the DEA conceals misconduct and yet claims "an ongoing investigation" time and time

again. You assert that further withholding will be arbitrary and capricious because in a previous FOIA request for similar records the agency released the documents.

I have reviewed the denial in light of your appeal, the FOIA, and applicable case law, and determine that the information was properly withheld under Exemption 7(A).

Exemption 7(A) of the FOIA authorizes the withholding of "records or information compiled for law enforcement purposes, but only to the extent that production of such law enforcement records or information... could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). Before an agency may invoke Exemption 7, it must demonstrate that the records were "compiled for law enforcement purposes." See John Doe Agency v. John Doe Corp., 493 U.S. 146, 153 (1989). As indicated in our initial response to your request, these records were compiled by the DEA in connection with on-going investigation by that agency.[1] It is immaterial that this information is also held by the FAA because "once [information is] assembled for . . . law enforcement purposes [it] qualify[ies] for protection under Exemption 7 regardless of its original source" or that it also be maintained in a non-law enforcement file.[2] Kansi v. U.S. Dep't of Justice, 11 F. Supp. 2d 42, 44 (D.D.C. 1998); Exner v. U.S. Dep't of Justice, 902 F. Supp. 240, 242 & n.3 (D.D.C. 1995) (protecting law enforcement documents from disclosure even when maintained in a non-law enforcement file).

Having established that the threshold requirement is met, we must demonstrate that the disclosure of this information "could reasonably be expected to interfere with law enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). This determination requires a two-step analysis of: (1) whether a law enforcement proceeding is pending or prospective; and (2) whether release of the information about it could reasonably be expected to cause some articulable harm. See, e.g., Mathpother v. Dep't of Justice, 3 F.3d 1533, 1540 (D.D.C. 1993). The term "law enforcement proceeding" includes law enforcement investigations, even those that are long-term. See Moorefield v. U.S. Secret Serv., 611 F.2d 1021, 1026 (5th Cir. 1980); Baez v. Federal Bureau of Investigations, 443 F. Supp.

---

[1] Courts consistently have found that information and records compiled by the DEA in connection with its investigations satisfy Exemption 7's threshold requirement. See, e.g., Barbosa v. U.S. Dep't of Justice, 2007 WL 1201604, at *3 (D.D.C. 2007); Deglace v. Drug Enforcement Agency, 2007 WL 521896, at *2 (D.D.C. 2007) (noting that "[t]he DEA is a component of the United States Department of Justice and has as its principal function 'the enforcement of criminal laws' and holding that Exemption 7 applies to DEA records systems related to criminal activity); Elkins v. Federal Aviation Admin., 2010 WL 23319, at *5 (D. Or. 2010) (finding that "the identity of aircraft involved in air surveillance is law enforcement material").
[2] Further, the language of Exemption 7 does not suggest that its scope is limited to information compiled for law enforcement activities undertaken by the agency from which the records were requested. By its plain language, Exemption 7 applies to all records or information compiled for a law enforcement purpose. 5 U.S.C. § 552(b)(7); see also Donovan v. Federal Bureau of Invest., 579 F. Supp. 1111, 1120 (S.D.N.Y. 1984) ("Congress made Exemption 7 applicable to all 'records compiled for law enforcement purposes.'") An interpretation of Exemption 7 that limits its applicability to records relating to law enforcement activities undertaken by the agency from which the records are requested would permit requestors to obtain information that would interfere with an on-going investigation by strategically targeting FOIA requests to non-law enforcement agencies. Such a result would be contrary to Congress' intent in adopting Exemption 7. See Donovan, 579 F. Supp. At 1120 ("The purpose of the FOIA is to serve disclosure of federal agency activity, not as a means for private parties to find out what facts or opinions . . . law enforcement agencies have collected or made on them or others.") (citation omitted).

2d 717, 724 (E.D.Pa. 2006) (noting that "law enforcement" includes records compiled in the investigation of crimes).

The DEA was consulted regarding the status of the investigation and whether the use of Exemption 7(A) was still applicable. The DEA stated that the withheld records pertain to an ongoing criminal investigation and that releasing the information while the investigation is ongoing would jeopardize the investigation.

In this case, the first requirement under Exemption 7(A) is met because the information is part of an active DEA investigation. See Moorefield v. U.S. Secret Serv., 611 F.2d 1021 (5th Cir. 1980) (finding that a Secret Service investigation is an "enforcement proceeding" for purposes of Exemption 7(A) and that the disclosure of materials in the investigative file would interfere with that proceeding); see also Mapother v. Dep't of Justice, 3 F.3d 1533, 1540 (D.D.C. 1993) (holding that Exemption 7(A) applies when enforcement proceedings are "reasonably anticipated"). The second requirement is met because disclosure of the information would reasonably be expected to interfere with potential criminal proceedings regarding the matter, by revealing the nature, scope, and direction of the investigation, evidence obtained, and the government's strategies. See Elkins, supra, at *5 (finding that the disclosure of the identity of an aircraft involved in aerial survellience would "jeopardize the effectiveness of that survellience."); Africa Fund v. Moshbacher, 1993 WL 183736, at *4 (S.D.N.Y. 1993).

I am the person responsible for this decision. This decision has been concurred in for the General Counsel of the Department of Transportation by Claire McKenna, an attorney on his staff.

This is the final administrative action that will be taken on your appeal. If you are not satisfied with this decision, you may appeal it to the United States district court for the district in which you reside or have your principal place of business, the district in which the records are kept, or for the District of Columbia.

Sincerely,

Paula Lewis
Assistant Administrator for
    Regions & Center Operations

U.S. Department
of Transportation

**Federal Aviation
Administration**

Air Traffic Org. – Eastern Service Ar
1701 Columbia Avenue
College Park, GA 30337

OCT 2 1 2011

**Certified Mail – Return Receipt**

Mr. David J. Elkins
300 2nd Avenue, S.E. Box 31
St. Petersburg, FL 33701

**RE**: Freedom of Information (FOIA) Requests 2011-008400(ES), 2011-008402(ES), and
2011-008403(ES)

Dear Mr. Elkins:

The purpose of this letter is to provide a status update in regard to your FOIA requests dated
August 8, 2011 made under the provisions of Title 5 United States Code, Section 552 to the
FAA.

With respect to your FOIA requests, we are obligated, pursuant to 49 CFR 7.16, to consult
with other government agencies that may have an interest in the release of FAA records,
which were responsive to your request. We are still waiting to hear back from those
agencies. Therefore, pursuant to 49 CFR 7.33, we need additional time to answer your
requests.

If you have any questions regarding this request, you may contact Patricia Facey,
Administrative Services Group, ATO Eastern Service Center at (404) 305-5526.

Sincerely,

Myron A. Jenkins
Acting Manager, Management Support Team



U.S. Department
of Transportation

**Federal Aviation
Administration**

**Office of the Air Traffic Organization**
Western Service Area

1601 Lind Avenue Southwest
Renton, Washington 98057

JUL 1 5 2011

CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Mr. David J. Elkins
300 2ⁿᵈ Avenue SE, Box 31
St. Petersburg, FL 33701

Dear Mr. Elkins:

2011-6360WS

Subject: Freedom of Information Act (FOIA) Request 2011-006306WS

This is an Air Traffic Organization (ATO), Western Service Area, interim response to your
FOIA request dated May 12, 2011, and amended June 15, 2011, made under the provisions
of Title 5 United States Code, Section 552. You have requested a copy of all records
previously denied to you by the Federal Aviation Administration, Renton, Washington
office.

This is to notify you that our office has identified records responsive to your request.
However, due to the volume of records we have identified, our office is requesting
additional time to process your request and provide a response to you. This is to confirm
that in a telephone conversation on July 14, 2011, you acknowledged and agreed to our
request for a 30 day extension to process this request. The estimated completion date is
August 15, 2011.

This interim response should not be construed as a denial of your request. The purpose of
this letter is to advise you that additional time will be required to process your request. You
will be notified if further unavoidable delays occur.

If you have questions, please contact me at (425) 203-4139.

Sincerely,

Ann Ward
FOIA Officer
Air Traffic Organization
Western Service Area

Mr. David Elkins
4743 38th Avenue North
St. Petersburg, FL 33713

**RE**:  Freedom of Information Act (FOIA) 2013-002230(ES)

Dear Mr. Elkins:

This letter acknowledges receipt of your amended FOIA request received in our office
February 4, 2013 concerning any and all information related to the aircraft over St.
Petersburg, Florida in Pinellas County on January 21, 2013.

**Under Title 49 Code of Federal Regulations 7.33, we are extending the response due
date by a minimum of 10 working days because we need to search for and collect
records from field facilities.**

Your request has been assigned for action to the office(s) below:

Federal Aviation Administration            Contact:  Robbin Holmes
Air Traffic Org – Eastern Service Area (ES-JA1)         ATO FOIA Analyst
1701 Columbia Ave                                        (404) 305-5544
College Park, GA 30337

Should you wish to inquire as to the status of your request, please contact the assigned FOIA
Analyst/Coordinator.  Please refer to the above referenced number on all future
correspondence regarding this request.

Sincerely,

**Stacy M. Thomas**
Stacy M. Thomas