**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

David J. Elkins,

        Plaintiff,

v.                                       Case No.: 8:12-CV-2009-35TGW

Federal Aviation Administration,
Unknown Agency A, Unknown
Agency B,

        Defendants.

_____/

**FEDERAL AVIATION ADMINISTRATION'S ANSWER TO**
**SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant, the Federal Aviation Administration ("FAA"), by and through the undersigned Assistant United States Attorney, hereby answers and otherwise responds to Plaintiff's Second Amended Complaint as follows:

**JURISDICTION**

This paragraph comprises legal conclusions and Plaintiff's characterizations of his case to which no response is required. To the extent the Court were to deem an answer necessary, FAA denies.

**PARTIES**

As to the first sentence, FAA lacks sufficient knowledge and information to formulate an answer, and therefore denies.

As to the second sentence, FAA admits only that it is a federal agency.

As to the third sentence, FAA lacks sufficient knowledge and information to formulate an answer, and therefore denies.

As to the fourth, fifth and sixth sentences, FAA admits.

## PRELIMINARY STATEMENT

The two paragraphs under this heading comprise legal conclusions and Plaintiff's characterizations of his case, to which no response is required.  To the extent the Court were to deem an answer necessary, FAA denies.

## STATEMENT OF THE CASE

With respect to the first paragraph under this heading, FAA admits that on September 16, 2008, Plaintiff filed an action in the U.S. District Court of Oregon, Portland Division, Elkins v. FAA, 3:08-CV-1073, a FOIA action against the FAA. FAA admits that it initially denied disclosure of certain records under the 7(e) exception, but later changed it to a "High 2" and names of agencies were withheld from disclosure.  FAA admits that Plaintiff paid the search fee for this initial request. FAA further admits that Plaintiff filed for release of records on May 12, 2011 under 2001-006360WS.  FAA further admits that on or about October 6, 2011, FAA informed Plaintiff that it had to coordinate its response to plaintiff's FOIA requests with other government agencies.  FAA denies the remaining allegations in the first paragraph under this heading.

With respect to the second paragraph under this heading, FAA admits the allegations in the first and third sentences.  FAA further admits that by letter, dated October 13, 2010, FAA withheld records under Exemption 7(a).  FAA denies the remaining allegations in the second paragraph under this heading.

2

With respect to the third paragraph under this heading, FAA admits that Plaintiff filed FOIA #2011-008400ES in August 4, 2011 and FOIA requests #2011-8402ES and 2011-008403ES on August 8, 2011.  FAA further admits that on or about October 21, 2011, FAA informed Plaintiff that it had to coordinate its response to plaintiff's FOIA requests with other government agencies.  FAA denies the remaining allegations in the third paragraph under this heading.

## EXHIBITS

The statements under this heading comprise the identities of several exhibits attached to Plaintiff's Second Amended Complaint to which no response is required.

## STATEMENT OF THE FACTS

FAA admits that in 2005 and into 2006, it withheld certain records pursuant to the 7(e) exception.  FAA admits that it released some documents in error.  FAA admits that it denied disclosure of some records based on the "High 2" exception to FOIA.  FAA admits that Plaintiff filed for release of records on May 12, 2011 under 2001-006360WS.  FAA admits that it has engaged in good faith efforts to identify and produce responsive documents to Plaintiff that were not protected under the law.  FAA denies the remaining allegations in the first un-numbered paragraph under this heading.

1.    FAA admits that it informed Plaintiff that it had to coordinate its response to plaintiff's FOIA requests with other government agencies under CFR

3

7.16 AND CFR 7.33.  FAA further admits that in-flight radio communication can be monitored by an aviation civilian radio.  FAA lacks sufficient knowledge and information to formulate an answer to Plaintiff's allegation that he "never applied to any law enforcement agency or federal agency for FAA N-numbers, the name of law enforcement agency operating the aircraft, radar flight plots or pre-flight plans, etc;" and therefore denies.  FAA denies the remaining allegation in the paragraph numbered 1.

2.      As to the first sentence of this paragraph, FAA admits that Plaintiff has filed suit for the release of records that FAA have previously withheld.  FAA further admits that it has repeatedly updated Plaintiff as to the status of his requests.  FAA admits that Plaintiff has not yet been assessed a fee.  The remaining allegations in this paragraph comprises legal conclusions and Plaintiff's characterizations of his case to which no response is required. To the extent the Court were to deem an answer necessary, FAA denies.

3.      FAA admits that Plaintiff filed an administrative appeal to the FAA for denial of records.  FAA admits that Plaintiff has not yet been assessed a fee. The remaining allegations in this paragraph comprises legal conclusions and Plaintiff's characterizations of his case to which no response is required. To the extent the Court were to deem an answer necessary, FAA denies.

4.      FAA denies that it has failed to make a determination for denial or release of records related to FOIA request number 2013-002230ES.  FAA avers that

4

it has transmitted to Plaintiff all documents he requested in that FOIA request, dated

April 12, 2013.  FAA admits that it has not given plaintiff any explanation for

extraordinary circumstances as to why it could not process the FOIA request

because no such explanation was necessary since the FOIA request has been

processed and responded to in full.  FAA admits that its employee Markus D. Smith

returned a telephone call from Plaintiff and had a conversation with a person

identifying herself as Plaintiff's wife, and that she requested a letter outlining the

status of the request.  FAA avers that instead of a letter, Mr. Smith left plaintiff a

telephone message approximately one week prior to April 12, 2013 stating to the

best of Mr. Smith's recollection that the FOIA request was in the cue and would be

processed as soon as possible.  FAA denies that no reply has been forthcoming

because Plaintiff did receive a reply on April 12, 2013.  FAA admits that it did not

inform Plaintiff that it was waiting for cooperation of another agency because no

cooperation from any other government agency was necessary to process this

particular FOIA request.

## **REQUEST FOR RELIEF**

The first sentence of this paragraph comprises Plaintiff's prayer for relief to

which no response is required. To the extent the Court were to deem an answer

necessary, FAA denies. The remaining allegations in this paragraph comprise legal

conclusions and Plaintiff's characterizations of his case to which no response is

required. To the extent the Court were to deem an answer necessary, FAA denies.

5

### DECLARATORY RELIEF

This paragraph comprises Plaintiff's prayer for relief to which no response is required. To the extent the Court were to deem an answer necessary, FAA denies.

### FEDERAL AVIATION ADMINISTRATION'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSES

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSES

The FOIA requests that are the subject of this lawsuit may implicate certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information in response to the Second Amended Complaint is not required or permitted.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff's FOIA requests did not reasonably describe the records sought, Plaintiff has failed to exhaust his administrative remedies.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff did not comply with the applicable fee requirements under FOIA and all applicable regulations, Plaintiff has failed to exhaust his administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff did not administratively appeal any of his FOIA

6

requests, or any issue now raised in the Second Amended Complaint, Plaintiff has failed to exhaust his administrative remedies.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiff did not await a decision on his administrative appeals before filing the instant lawsuit, Plaintiff has failed to exhaust his administrative remedies.

### SEVENTH AFFIRMATIVE DEFENSE

FAA conducted adequate searches to identify and produce documents responsive to plaintiff's FOIA requests to the extent required under the law.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to properly serve defendants with sufficient process.

**WHEREFORE**, having fully answered all counts of the Second Amended Complaint, FAA prays that Plaintiff take nothing by way of his Second Amended Complaint, that the same be dismissed, and that judgment be awarded in favor of

FAA, together with costs and such other and further relief as the court deems appropriate in this case.

Respectfully submitted,

ROBERT E. O'NEILL
United States Attorney

By:     *s/E. Kenneth Stegeby*
        **E. KENNETH STEGEBY**
        Assistant United States Attorney
        USAO No. 112
        400 North Tampa Street
        Suite 3200
        Tampa, Florida 33602
        Telephone: (813) 274-6087
        Facsimile:   (813) 274-6198
        E-mail: kenneth.stegeby@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 23, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

David J. Elkins, pro se
shirleyelkins@rocketmail.com

*s/ E. Kenneth Stegeby*
E. KENNETH STEGEBY
Assistant United States Attorney

L:\_Civil Cases\E\ELKINS, David_2012V5304_EKS\p_Answer to 2nd Amended Complaint draft (5 23 13).wpd