# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DAVID J. ELKINS,**
           **Plaintiff,**

**v.**

**FEDERAL AVIATION**
**ADMINISTRATION, etal,**
           **Defendants.**

**CASE NO. 8:12-CV-2009-TGW**

**PLAINTIFF'S MOTION FOR**

**SUMMARY JUDGMENT**

**PURSUANT TO FRCP 56 (c)**

Now comes the plaintiff to motion this court for summary judgment pursuant FRCP 56 (c). Included in this motion is plaintiff's memorandum of law, declarations by plaintiff and exhibits.

## SUMMARY JUDGMENT STANDARD

Courts will grant a motion for summary judgment if "there is no genuine dispute as *145 to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L.Ed.2d 265(1986).* "[A] material fact is 'genuine'…. if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of his claim, *Anderson v Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202(1986).* Factual assertions in the moving party's

(1)

affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits or declarations or documentary evidence to the contrary. *Neal v Kelly, 963 F.2d 453, 456 (DC. Cir. 1992).* In opposing a summary judgment motion, a party may not "replace conclusory allegation of the complaint or answer with conclusory allegations of an affidavit," *Lujan v Nat'l Wildlife Fed'n, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L.Ed.2d 695 (1990)*, but rather must "set forth specific facts showing that there is a genuine issue for trial," *Anderson, 477 U.S. at 248, 106 S. Ct. 2505 (citation and internal quotation marks omitted).*

In a FOIA case, the court may grant summary judgment based on information provided in an agency's affidavits or declarations when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within [a] claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith". *Military Audit Project v Casey, 656 F.2d 724, 738 (DC. Cir. 1981).*

## MEMORANDUM OF LAW

### I.   DEFENDANT FAA HAS FAILED TO ESTABLISH ITSELF AS A LAW ENFORCEMENT AGENCY PURSUANT TO 5 USC sec 552(b)(7).

Defendant FAA has failed to establish itself as a law enforcement agency pursuant to 5 USC sec 552(b)(7). In order for an agency to cite law enforcement exemptions, the agency must be defined by the statute 5 USC sec 552 within the legislative intent, (1) as a law enforcement agency, *Weissman v CIA, 184US App. DC, 117,265 F.2d 692 (DC Cir. 1977), Church of Scientology v US Department of Army, 611, F.2d, 742 (9th Cir.1979)* or (2) at the minimum, a mixed function agency with both administrative and law enforcement capacities, *Tax Analysts v IRS, 294 F.3d 71 (DC Cir. 2002)* or (3) an agency best suited to investigate specific violations of federal law in a civil investigation, *Watkins Motor Lines v Equal employment Opportunity Commission, No. 06-12981-BB, No. 8:05-CV-1065-SCB-TBM (M.D.FLA. 2005)*

The FAA has not carried its burden by affidavit or declaration and under existing statutory guidelines or legislative interpretation of 7A, 7C and 7E that they are a federal law enforcement

agency or a federal agency involved in an investigation of violation of federal law, or an enforcement proceeding of an aeronautical nature.

## II.     FAA HAS FAILED TO ESTABLISH THE NEXUS BETWEEN AN INVESTIGATION OR ENFORCEMENT PROCEEDING AND ONE OF THE FAA'S DUTIES FOR WITHHOLDING RECORDS PURSUANT TO USE OF EXEMPTION 7(A), 7(C) AND 7(E).

This circuit cited in *Arenberg v DEA, 849 F.2d 579 (11th Cir. 1988)* the test threshold requirement, per se, used in *Pratt v Webster, 678 F.2d 408, 420-21 (DC Cir. 1982)*.  This threshold test uses a two prong standard in determining if a record is "compiled for law enforcement purposes".

> "First, the agency's investigatory activities gives rise to the document sought, must be related to the enforcement of federal laws or the maintenance of national security. Second, the nexus between the investigation and one of the agency's law enforcement duties must be based on information sufficient to support at least "a colorable claim of rationality." Quoting Pratt in "Arenberg" (citations omitted)

> "These records are typically retained for 45 days by the FAA, then recycled. These records (end taps-radar metadata) are even shared daily with private companies such as passurslive.com and then disseminated to the public daily. In instances of crash investigations they can be retrieved by private law firms. (Plaintiff's Ex. #1).

As far as this case is concerned, the FAA has failed to satisfy this threshold requirement in its statutory mission because the records requested by the plaintiff were and are produced by Air Traffic Control (ATC) TRACON (twenty four hours a day, seven days a week) and were requested by the plaintiff and not "compiled for law enforcement purposes", but blocked from release by the DOJ (FBI, Portland Police, DEA, OGA 4) to prevent the documenting of their illegal activities, and are never extracted from this record by law enforcement for purposes of exemption 7(A), 7(C), 7(E) as an investigative technique, or describe unknown techniques, nor do air traffic controllers or pilots identify themselves to each other by name, address, phone numbers on the public aviation band radio as they would on a cell phone conversation, because all are aware that their conversations can be monitored by anyone with a handheld or stationary

(3)

scanner. 108 and 137 MHZ band. (Plaintiff's Ex. #2)

The courts still employ "Pratt" as in *Benavides v Bureau of Prisons, 774 F Supp.2d, 141(DC Cir. 2011) and Osama Abdelfattah v US Immigration and Customs Enforcement, 851 F Supp.2d 141 (DD. Cir. 2012),* quoting *Pratt*'s two prong threshold test to determine if agency qualifies as law enforcement agency for the purpose of exemption 7. In this case, the BOP is a law enforcement agency, but the BOP failed to connect regularly taped jail phone calls to part of an ongoing investigation, or violation of federal law nor were they "compiled for law enforcement purposes". The same can be said of the type of records (radar plots, inflight radio communications, numbers, agency names, radio telephony call signs requested by the plaintiff.

The DC court went on to further point out in Campbell v *DOJ, 1996 WL5544511 at 10 (D.D.Cir.1996)*, finding that "obscure and secret techniques do not apply to basic techniques", (a plane flying in circles does not describe an unknown technique.). *Florida v Riley, 488 US 445 (1989, California v Ciraolo, 476 US 207 (1986).* These two Supreme Court cases exemplify that the public is aware of aircraft surveillance, and its use by US and state law enforcement agencies. This constitutes improper withholding of agency records pursuant to 5 USC sec 552(a)(4)(b).

> "Courts can usually assume that government agencies act within their legislative authority" quoting *Tax Analyst v IRS, 294 F.3d 77-79(D.D.Cir. 2002)*

However, in this case, this court cannot assume the FAA has acted in any semblance of its legislative authority, because none of the declarations go any further than to cite generic statutory language of denial, without articulating why exemption 7 applies. The FAA has used such opened ended statements as, "suspected criminal activity" (Doc. 71, Ex.1, pp. 6-7, #18), "bone fide air interdiction and surveillance missions" (Doc. 71, Ex. 2, p. 5, #13), but do not explain anything to the court about the legitimate investigative nature of violations of federal law. *Moye, O'Brien, O'Rourke, Hogan & Pickert v, National Railroad Passenger Corporation, No. 6:02-cv-126-ORL-KRS, 2003 WL 21146674 at 12 (M.D. FLA.2003):*

> "interpreting the assertions of exemption 7 (A) by an agency with mixed law enforcement and non-law enforcement functions, requires the Court to consider the

(4)

*purpose of the investigation and to determine whether the information was gathered as a part of an inquiry about a potential violation of the law, rather than in the course of the agency's administrative functions of overseeing compliance with its rules and regulations."*

### III.    FAA HAS FAILED TO ESTABLISH THE CONNECTION BETWEEN THE RECORDS AND AN INDIVIDUAL OR INCIDENT OR VIOLATION OF FEDERAL LAW TO WITHHOLD RECORDS PURSUANT TO LAW ENFORCEMENT TECHNIQUES 7(A), 7(C), and 7(E). 2011-006360WS, 2011-008400ES, 2011-008402ES, 2011-008403ES

FOIA compels disclosure in every case where the government does not carry its burden of convincing the court, that one of its statutory exemptions apply, *Goldberg v United States Dep't of State, 818 F.2d 71, 76 (D.D.Cir. 1987).*

The DC Circuit court cited for purposes of exemption 7 in *Osama Abdelfattah v US Immigration and Customs Enforcement Services, 851F.Supp 2d 141 (DD. Cir. 2012)* stated when a declaration:

> "neither identifies a particular individual or incident subject to an investigation nor connects a particular individual or incident to a potential violation of law, the court cannot grant summary judgment under exemption 7".

The FAA's declarations fail to cite how any of the 7(A), 7(C), 7(E) exemptions apply to records without providing specific facts for the court to render an opinion based upon the record provided by defendants, instead of the agents (pilots)  or investigation agents who were actually conducting this surveillance putting forth firsthand knowledge in the form of affidavits or declaration with specifics.

The FAA has chosen to allow the three FAA employees (Ward, Watson and Facey) to recite secondhand knowledge (hearsay) and recollection of the conversation in their declarations which does not comport with FRCP 56 (c)(4) *Van Bilderbeek v United States Department of Justice, 2010 WL1049618 (11th Cir.2010):*

> *"A declaration in support of a motion for Summary Judgment, the declarant must be prepared to testify to the personal knowledge and set forth facts that would be admissible*

*and show the declarant is competent to testify on the matter stated in the declaration."*

In applying this rational, defendant FAA has not only failed to justify its use of the 7 exemption category, but has improperly applied its declarations for reasons for withholding is an act of bad faith.  The FAA's investigatory activities are limited by mandate of the statute, and the Congressional intent to enforcement of regulations pertaining to aircraft and air space and its own agency, within the US Department of Transportation, *Sensor Systems Support, Inc. v FAA, (D.N.H. 2012) 2012 WL 424376*.  Secondly, the FAA has no law enforcement duties, or investigative authority outside its mandated authority, (a*gency within an exemption), Tax Analyst v IRS, C.A. D (2002), 294 F.3d 71, 352 US App DC 273*.  The FAA cannot claim a nexus to a law enforcement investigation or a colorable claim of rationality because defendant FAA has not thoroughly explained through its motion for summary judgment (Doc 71., p 10-11) or declarations (Doc. 71, Ex. 1, Ex, 2, Ex. 3) what part they (FAA) played in this investigation.

Without any specific details, Defendant FAA's blanket claims in their declarations also avoid describing in detail why these records are exempt under FOIA. The courts have stated over and over since *Vaughn v Rosen, 484 F.2d 820(D.C.Cir.1973)* specificity is the "defining requirement of the Vaughn index and affidavit (or declaration)" cannot support summary judgment if they are "conclusory, merely reciting statutory standards, or if they are too vague or sweeping", quoting *Allen v CIA, 636 F.2d 1287, 1293 (DC. Cir 1980).*

The plaintiff is not a pilot, does not travel on aircraft and his only interaction with the FAA since 2004 has been requesting records through FOIA in which an FAA employee and TRACON specialist, Scott Speer, originally instructed the plaintiff on "how" (emphasis added) to request these kind of records through the FAA FOIA office in Renton, Washington.

The FAA has stated in both Ann Ward's declaration (Doc. 71, Ex.1, p. 4, #11) and in Patricia Facey's declaration (Doc. 71, Ex. 2, p. 4, # 10) that these records were only of a "potential interest" or "may be of interest" to the law enforcement agencies.  These statements do not construe for purposes of exemption (b) 7, "compiled for law enforcement purposes" or "created for and maintained by law enforcement" for the purposes of exemption 7 at the time the

(6)

plaintiff made his request.  (*Moye, O'Brien, O'Rourke, Hogan & Pickert v National Railroad Passenger Corporation, 2003 WL 21146674 at 12.*)  Additionally, the FAA cannot make a claim for exemptions "on behalf of another agency" for FAA records and then refusing to name the agency as they have done numerous times and as admitted to in the footnote on Ann Ward's declaration. (Doc. 71, Ex. 1, p. 9, bottom of page).  This constitutes improper withholding of agency records pursuant to 5 USC sec 552(a)(4)(b).

## IV.   THE FAA HAS FAILED TO ESTABLISH THAT THEY ARE THE LEAD AGENCY IN A PROSPECTIVE INVESTIGATION OF VIOLATION OF FEDERAL LAW TO WITHHOLD RECORDS PURSUANT TO (b)6, 7(A), 7(C), and 7(E) IN FOIA REQUEST 2010-008393ES AND IS AN ACT OF BAD FAITH.

In order for defendant FAA to prevail using exemption (originally denied under 7 (A)) and now denied under (b)6, 7(C), 7(E) they must first explain by affidavit or declaration that (1) the records were compiled for "law enforcement purposes" at the time of the request, (2) what federal law has been violated, (3) if the requestor is somehow involved and (4) how they (the FAA) is best suited to be the lead investigating agency in the matter, *Ameren Missouri v EPA, 4:11Cv02051AGF (ED Miss 2011), Cater, Fullerton & Hayes v F.T.C., 601 F. Supp.2d 728 (E.D. Va. 2009), Watkins Motor Lines v EQOC, No 06-12981-BB, 8:05-CV-1065-SCB-TBM (M.D. FLA. 2005)*

The FAA has failed to explain how FOIA exemption (b) 6, and law enforcement exemptions 7(A), 7(C), 7(E), cover the records requested, or to explain how these "records or information were compiled for law enforcement purposes" pursuant to 5 USC sec 552 (b)(6),(b)(7), but only when that "disclosure would effectuate one or more of the six specified harms*" John Doe Agency v John Doe Corp, 493 US 146, 156, 110 S.Ct. 471, 107 L.Ed. 2d 462 (1990)**.** Without describing specific details of the records being withheld and why the specific exemption applies to each document or any specific harm**,** or what division of the FAA was the lead investigatory agency in this leaves the record incomplete for this court to render any kind of opinion.  Defendant FAA did appear to attempt a referral to the DEA (Ex. 3, p.1), but the DEA

(7)

declined to accept the referral for determination by saying it was an "interim error", and the FAA would be the agency making the determination (Ex. 3, p.2).   The FAA has now admitted (Doc. 71, Ex. 3, p. 3, # 10) that the FAA knew the plaintiff was under surveillance in the past, and obviously unwarranted by the DEA, because of their (DEA) refusal of the referral (Ex. 3) and the DEA wouldn't make a determination of records, pursuant to 49 CFR 7.16(c) because there was no legitimate investigation ongoing, and the records were in fact FAA records of a non-investigatory nature (Doc. 71, Ex. 3, pp. 4-5, # 13-15).   Ms. Watson's declaration never explained or described what specific criminal activity (violation of federal law) (Doc. 71, Ex. 3, p. 5, # 15) or what is the meaning of "bona fide" (showing the FAA a warrant or sequester of a grand jury??) (Doc. 71, Ex. 3, p. 5, # 14) and (p. 6, # 18) or how law enforcement use radar plots, recording of inflight radio communications, N-numbers, radio telephony call signs in a legitimate investigation, or criminal prosecution.

For this court to compare Moye, O'Brien, O'Rourke, Hogan & Pickert, v Nat'l Railroad Passenger Corporation, No. 6:02-CV-126-ORL-KRS 2003 WL 21146674 (M.D. FLA 2003), Amtrak, a mixed function agency, the court found as did the DC District in quoting Tax Analyst v IRS, 294 F.3d at 77 (D.C. Cir.2002)

> *"On one hand, the assumption that a mixed function agency is acting within the scope of its authority tells a court nothing about whether it has met exemption threshold requirement of a law enforcement purpose "The court must scrutinize with some skepticism the particular purpose claim for disputed documents redacted under FOIA exemption 7."*

## V.   IMPROPER USE OF EXEMPTION (b)6, 7(c) IN FOIA #2011-006360ES (Collectively), 2011-008400ES, 2011-8402ES, 2011-008403ES, 2009-008393ES

Exemption (b)6, provides that agencies need not disclose "personal and medical files and similar files, the disclosure of which would constitute a "clearly unwarranted invasion of Privacy".  Exemption 6 imposes upon the agency denying records under exemption (b)6 to substantiate the "clearly unwarranted invasion of privacy" standard and must be described in detail how the release of these records would do this. The courts have stated that in *Morley v*

*CIA, 508 F.3d 1108(DC. Cir 2008), quoting Washington Post Co. v US Dep't of Health and Human Services, 690 f. 2d 252, 261 ((DC. Cir. 1982), Ditlow v Shultz, 517 F. 2d 166, 169 (DC. Cir.1975),* an exemption 6 requirement that disclosure be "clearly unwarranted" instructs us to 'tilt the balance' (of disclosure interest against privacy interests) in favor of disclosure. This exemption creates a "heavy burden" indeed, under Exemption 6, the presumption in favor of disclosure is as strong as can be found anywhere in the act.   In *Dep't of Air Force v Rose, 425 U.S. 352, 380 n. 19, 96 S.Ct. 1592, 48 L. Ed.2d 11 (1976), US Department of Justice v Reporters Comm. For Freedom of the Press, 489 US 749 109 S. Ct. 1468 103 Led.2d 774 (1989)*, the Supreme Court stated the defendant must show that the threat of a "clearly unwarranted invasion of privacy" is not just speculative, but real.  Defendant FAA has failed to make this showing in detail through affidavit or declaration.  The FAA has not supplied enough specific facts in declaration or affidavits that release of records (in-flight voice recording) would reveal personal information or medical files pursuant to (b)6.  Plaintiff did not request records concerning names, addresses, phone numbers, or medical files of any individuals. Unnamed voices do not constitute a "clearly unwarranted invasion of privacy" when the FAA and these individuals failed to acknowledge and are also fully aware that there is also no expectation of privacy in aviation radio broadcast which can be monitored by the public 24/7. (*Katz v US, 389 US 347(1967)*).  All parties by virtue of them speaking on the aviation band do publicly and knowingly divulged their voices publicly and also through public web sites such as LiveATC.net (Ex. #4).

Plaintiff's exhibit (Ex. 5, p. 3, par. 3) is a directive by the Civil Aeronautics Board's (FAA), Order Releasing Section 407(e) Material, by the FAA dated March 20, 1980 states that the FAA will not withhold any name of a corporation or entity under FOIA 5 USC sec 552 (b)7(C), FAA has cited no exemption for not disclosing agency names under (b) 7

> "However, we have no authority under FOIA to withhold the identity of a corporation or other entity on the basis of a claim of invasion of privacy because the right of privacy that it recognizes extends only to individuals".

*(Robertson v Dep't of Defense, 402 F. Supp. 1348-49 (D.D.Cir. 1975), see also Miami Herald Pub. Co. v United States Small Business Administration, 670 F. 2d 610, 615 (5th Cir 1982)*

(9)

The FAA has refused repeatedly to name OGA 1, OGA 2, OGA 3 and OGA 4.  The FAA and DOJ has failed to abide by its referral and consultation procedures (Ex. 6, p. 2, par. 5 and p. 3, par. 3).  The FAA has not carried its burden by affidavit or declaration in justifying further withholding of law enforcement agency names.  This constitutes improper withholding of agency's records under 5 USC sec 552(a)(b)(4).

There have been no assertions by the FAA that these records of communications requested by plaintiff derive from a private frequency set up to communicate with law enforcement only.  Plaintiff questions the FAA's truthfulness that secretive techniques or personal information of employees would knowingly be discussed over the public aviation band radio which can be monitored by anyone and that these personnel would voluntarily reveal these "so called" secretive techniques or personal conversations with non-law enforcement individuals in the air traffic control tower. (Ex. 2, p. 15)  It is a standard practice with the FAA and all aircraft to limit and avoid personal chit-chat with the control towers!   There is already a prior public interest in air traffic control radio broadcast by virtue in LiveATC.net (Ex. #4) and a sample of internet blog by an individual in Pinellas County talking about using an aviation band scanner (Ex. #2) and refers to Pinellas County Sherriff Department at Clearwater / Saint Petersburg Airport.  Failure to release FAA records requested by plaintiff, constitutes improper withholding of agency records pursuant to 5 USC sec 552(a)(4)(b).

This circuit cited for purposes of exemption 7(C), *Capital Collateral Counsel v Department of Justice, 331 F.3d 799 (11th Cir.2003)* to include, or describe personal identifiers or information such as names, addresses, phone numbers or any medical information of a personal nature. The plaintiff did not request any records on any particular individual that could be withheld pursuant to exemption 7(C).  Exemption 7(C) does not apply to inflight radio communications where the agency did not fully articulate the details in affidavit or declaration how specific harm to individuals would occur if these records were released.  All individuals, referred to by the FAA in the FOIA request that attempt to claim personal information harms, did

(10)

so knowingly and willing speak on a public aviation band radio that the public can monitor. These individuals are probably still today speaking on that same band radio as a part of their employment.

## VI.    SEGRABILITY OF RECORDS

The FAA has failed to establish that the inflight radio communications need to be segregated or that anyone speaking on a public aviation band radio can claim an expectation of privacy.  This court must enter a finding on segrability to the extent where the FAA has claimed that none of the records can be segregated and there is no non-exempt information to be released. The mere fact the FAA claims a "blanket" exemption should warn this court that the DOJ through the FAA does not want them released, due to the agency information (agency identification) that may be released, not personal identifiers or personal records. The court must make a finding on segrability in order to render a proper opinion. FOIA # 2010-008393ES (all voice recording), FOIA # 2011-006360WS (Collectively-all voice recordings), FOIAs # 2011-008400ES, #2011-008402ES and #2011-008403ES (all voice recordings).

## VII.   IMPROPER USE OF 49CFR 7.16[1] TO DELAY DETERMINATION OF RELEASE OR DENIAL OF RECORDS BY THE FAA IN FOIAs #2011-006360WS[2] (COLLECTIVELY), #2011-008400ES, #2011-008402ES, #2011-008403ES[3]

The FAA has failed to cite even one case where a regulatory agency of the DOT prevailed by not making a proper referral at the time of the FOIA request pursuant 49CFR 7.16(c) (Doc.71, Ex. 2 and Ex. 3) and naming the agency that has a "potential interest or "may be of interest" "expeditiously" (emphasis added).  The FAA failed to establish that 49CFR 7.16(c)

(11)

---

[1] The FAA did not clarify before litigation began which subsection of 49CFR 7.16(a)(b)(c) they were using.
[2] It took the FAA and the OGA over 16 months to consult on FOIA #2011-006360(collectively).
[3] It took the FAA and the OGA over 22 months to consult on FOIAs 2011-008400ES, 2011-008402ES and 2011-008403ES.

allows another agency to make a determination of FAA records without proper referral (Doc. 71, Ex. 2 and Ex. 3).  The FAA failed to describe in affidavit or declaration that these records were created or maintained or originated with a law enforcement agency in a criminal investigation, and it was the intent of the FAA all along to allow these agencies to delay determination of release (Ex.7 &Ex. 8). This constitutes improper withholding of agency records pursuant to 5 USC sec 552(a)(4)(b).

The FAA for purposes of 49CFR 7.16 (a)(b), did say they were "consulting' with two other agencies (Ex. 7 & Ex. 8) and then made a promise date of determination of Aug 15, 2011 and October 31, 2011 (Ex. 7 & Ex. 8).  A year passed on all FOIA requests and at no time did the FAA inform the plaintiff by letter, the names of the agencies with which they were consulting, the cause of the delay, except to say "Consulting, pursuant to 49CFR 7.16(A).  According to the DOJ's regulations (Ex. 6), the FAA is required to name the agencies with which they have consulted.

As explained in *Wilson v US Department of Transportation, 730 F.Supp.2d 140(DC. Cir. 2010),* at 144:

"the office that actually possesses the requested records has the authority to issue an initial determination on what to release in response to a FOIA request".

Instead, the FAA, on record has allowed another agency to withhold determination of records and delay a determination for over 30 days in violation of 5 USC sec 552 (a)(6)(A)(i), (a)(6)(B)(i)(ii)(iii)(III), and (a)(6)(C)(i)(ii) (Ex.7 and Ex. 8).   Neither statute 5 USC sec 552 nor CFR 49 7.16(a)(b)(c) relieves the FAA from compliance with these requirements to make a determination in 30 days or proper referral pursuant to 49 CFR 7.16(c) to the plaintiff in writing by naming the agency that will make the determination, if that was their truthful and honest intention, for delaying determination for over a year.  The FAA cannot wait until after litigation has started, and take the "second bite at the apple" and have an honest explanation for this obvious delay in affidavit or declaration. The FAA failed to address the prolonged use of the term "consulting" and the reason for delay in processing the plaintiff's requests.

(12)

## VIII. FOIA REQUEST 2008-005875WS IS NOT A FULL DISCLOSURE AS PREVIOUSLY CLAIMED BY THE FAA AND IS AN ACT OF BAD FAITH

FAA FOIA 2008-005875WS (Doc. 46, Ex. 2, Plaintiff's Amended Complaint), FAA's false claim that this was a full disclosure of law enforcement agency's name shows to what degree the FAA has shown acts of bad faith as far back as 2008, by stating "other law enforcement agency with special need". This is only another smoke screen by refusing to name an agency (Doc. 46, Ex. 2) when the plaintiff administratively appealed for full disclosure of agency(s) names. A claim of full disclosure can only be defined as to reply to the request with affirmative answer (name of agency), not a vague or ambiguous statement that only further shows improper withholding and intentional misconduct. Plaintiff seeks release of requested agency records improperly held. By withholding names of the agency's in FOIA 2005-005748NM, 2006-001493NM, 2006-001215WS, 2007-004334WS, 2008-001675WS, 2008003783WS, constitutes improper withholding of agency records pursuant to 5 USC sec 552 (a)(4)(b). Defendant FAA failed to address this exhibit (Doc. 46, Ex. 2) neither in their motion for summary judgment nor in any of their declarations (Doc 71, Ex. 1, 2, 3 or 4).

Plaintiff seeks release of records with the agency names. Plaintiffs exhibit (Ex 5, pg. 3, para 3) offers proof of defendants own memorandum stating that under FOIA 7(C), the FAA cannot withhold names of corporation or entities, because it only applies to individuals whose privacy would be invaded, *Robertson v Dep't of Defense, 402 F. Supp. 1342, 1348-49 (D.D.Cir. 1973), See also Miami Herald Pub. Co. v Untied States Small Business Administration, 670 F.2d 610, 615 (5th Cir. 1982).*

## IX.   ADEQUACY OF SEARCH ON FOIA # 2013-002230ES

The FAA has failed to properly search all data bases and to address the plaintiff's FOIA request. Plaintiff offers (Doc. 92) as proof of the FAA's failure to search and state whether they will search for records requested that remain to be addressed, *Women's Action Services v Department of Defense, (D. Conn.) 2012, 2012 WL 1067670.* Plaintiff's 9 remaining requests for

(13)

records have gone unanswered, except for the CD sent to plaintiff on April 12, 2013, that only had inflight radio communications on it, in which plaintiff sent back, because the FAA did not advice as to what program is used to open the other file "PPB" file, *National Day Labor v US Immigration and Customs Enforcement, (S.D.N.Y) 2012 WL 2878130 2012.* The FAA has stated in the past (Ex. 9) that they refer to eighteen data bases in their search for records. This FOIA request (2013-002230ES) has been one of the best examples of the FAA blatantly ignoring a FOIA request by the plaintiff, or just out right refusing to comply (Doc. 46) or failing to make a determination in 30 days pursuant to 5 USC 552 (a)(6)(A)(i).  Even during this litigation, the FAA displays its contempt for compliance with the statute, and continues to claim its a "Full Disclosure". This was the same aircraft as in July 23, 2013 FOIA 2013-00, that the FAA now "claims to be law enforcement", flying in a surveillance pattern over the plaintiff. (Doc. 67 and 69).

**X.  N-NUMBER REGISTRATIONS ARE REGULARLY COMPILED RECORDS BY A REGULATORY AGENCY FOR REGULATORY PURPOSES WITH ALL AIRCRAFT LISTED ON A PUBLIC WEB SITE REGARDLESS IF THEY ARE LAW ENFORCEMENT OR PRIVATE CITIZEN**

Registrations are regularly compiled records by a regulatory agency for regulatory purposes and are all listed on a public web site regardless if they are law enforcement or private citizen. (Ex. 11)

All aircraft regardless of ownership, is registered on the FAA's public web site, faa.gov/ N-number inquiry. Plaintiff (Ex. 11) shows law enforcement agencies are all in the public domains.  When plaintiff requests n-number confirmation on a FOIA request, the plaintiff's intention is to simply identify a certain plane circling, over a certain location, at a certain time of day and to document that the flight actually took place. Failure to release N-numbers constitutes improper withholding of agency records 5 USC 552(a)(4)(b).

## XI.  PAST CORRESPONDENCES OF THE FAA, RENTON WASHINGTON OFFICE REFUSING TO PROCESS FOIA REQUESTS

In 2008 plaintiff was informed by letter (Ex. 10) from Tina Leal of the FAA in Renton, Washington, that they would not process any more FOIA requests.  Because the plaintiff became more accurate in providing n-numbers and agency names, coupled with the fact that the former FOIA Specialist, Jene Zullo, released some records regarding agency identification in 2008-004494WS, 2008-005159WS (Ex 20 and Ex. 21).

## XII.  FAA FOIA 2009-004619ES IS AN EXAMPLE OF WHEN THE FAA AND A LAW ENFORCEMENT AGENCY CANNOT CLAIM A NEXUS BETWEEN RECORDS REQUESTED AND RECORDS "CREATED FOR LAW ENFORCEMENT PURPOSES"

The only time the FAA has not claimed exemption (b)(6), 7(A),7(C) or 7(E) was in 2009-004619ES (Ex. 12).  In this exhibit the FAA confirmed the n-number as N-852LR and belonging to the Department of Justice.  The FAA confirmed the name of the agency as the Drug Enforcement Agency, confirmed the call sign "FLINT 431" and confirmed that this was a "Full Disclosure" with radar plots, and inflight radio communications with Fort Myers International Airport. The FAA went as far as to refer any other request of records to the DEA. The DEA (DOJ) claimed to be involved in a criminal case and to be engaged in surveillance (Ex. 13) but did not identify the individual(s)[4] who were the focus of the surveillance. If they had been involved in a legitimate on-going criminal investigation of Eddie Bristol, Travis Burton, Demetrious Fulcher on May 5, 2009, then they would have most certainly claimed at the

(15)

---

[4] Travis Burton and Demetrious Fulcher 2:09-CR-25-FTM-99SPC were both released and charges dropped by motion of the government. No drugs or weapons were found on them that day, May 5, 2009, as claimed by US Attorney Douglas Malloy. No "Brady " material" was given to Travis Burton's counsel, Neil Potter, concerning the DEA aircraft N-852LR conducting surveillance.  The security camera film in the lobby at Page Field where the plaintiff was arrested, disappeared after the state dropped charges, and the federal government took over prosecution. Eddie Bristol was the only person convicted because of previously drug sales to an undercover informant, prior to May 5, 2009.

minimum exemption 7 A-E, when the plaintiff requested records (Ex.12) This, they didn't do for

statutory reasons, because they couldn't explain their presence over Page Field, Ft Myers, flying

in what the FAA described as an "odd flight path", and records could not possibly be "compiled

for law enforcement purposes".

At Travis Burton's detention hearing, May 14, 2009 (2:09-cr-25-FTM-99SPS), the DOJ

and the DEA mislead the Ft. Myers US District Court, and lied in open court (Ex 13.) as to the

plaintiff's claim that he in fact was followed by DOJ aircraft N-852LR. Now that the FAA

admits they knew the plaintiff was under previously surveillance/ investigation by the DEA

(OGA, Doc. 71, p. 19, par. 1 and Ex.3, p. 3, par. 10).  The court should take this admittance by

the FAA of previously denied claims by the DEA as direct involvement, (Doc. 71, Ex.3, p. 19,

#10) by the DOJ very seriously in relation to all other FOIAs in this action for misconduct and

bad faith and due process considerations as to what capacity the DOJ has controlled the FAA's

FOIA records' determination process.


### XIII.   FAA REFERRAL TO PLAINTIFF TO ADMINISTRATIVE APPEAL TO OFFICE OF INFORMATION POLICY, DEPARTMENT OF JUSTICE, OIP IS NOT SUBJECT TO FOIA 2006-000964NM, 2008-005159WS

The FAA in (Ex. 18) denied records pursuant to (b)6, 7(A), 7(C), 7(E) and stated that

plaintiff must administratively appeal to the OIP of the Department of Justice, is just another

surreptitious attempt to dissuade the plaintiff from requesting records through the FAA.  First,

the OIP is not subject to FOIA, *Brown v US Department of Justice,(D.D. Cir. 2010) 734 F. Supp.*

*2d 99, CREW v Office of Administration, 559 F. Supp. 2d 9 (D.D.* Cir *2008).*  Second the OIP

does not create radar plots, inflight radio communications, N-numbers, radio telephony

communications, etc. in the course of their business.  These records were created and in

possession of the FAA at the time the request was made, *Fox News Network LLC v Board of*

*Governors Federal Reserve System, C.A 2(NY) 2010, 601 F. 3d 158.*  The FAA never stated

when FOIA request 2006-000964NM and 2008-005159WS was originally made:

(16)

1. State or direct the plaintiff to administratively appeal to the OIP, an agency "not subject to FOIA",

2. In Elkins v FAA, 3:08CV1073 the FAA did not state that plaintiff had to administratively appeal to the OIP for these records, an agency "not subject to FOIA"

3. The FAA did not, before this case, *Elkins v FAA 8:12CV2009*, refer the plaintiff to the OIP, an agency " not subject to FOIA" Instead the FAA chose to surreptitious to delay processing the request by stating "consulting" in an act of bad faith (emphasis added).

This constitutes improper withholding of agency records pursuant to 5 USC sec 552 (a)(4)(b).   Plaintiff seeks injunctive relief through FOIA, not APA, to order FAA to release these records.   Defendant FAA has not through declaration explained how the OIP is involved or when the records were transferred to OIP and, defendant FAA has not afforded the plaintiff any justifiable reason to administratively appeal to the OIP, an agency "not subject to FOIA". Plaintiff need not appeal to any agency because no determination of release or denial was made before this case 8:12CV2009 was filed pursuant to 5 USC sec 552 (a)(6)(A)(i).  The DOJ's own regulations state it is not appropriate to make a referral to an agency that is not subject to FOIA (Ex. 3).

## XIV.  DEFENDANT FAA'S FAILURE TO ADMIT OR DENY TEN REQUESTS FOR ADMISSIONS PURSUANT TO FRCP 36 ARE NOW DEEMED ADMITTED

Plaintiff need not prove any of these admissions (Doc. 79, Supplement) at trial or for summary judgment purposes.  Defendant FAA did not move for protective order or to motion the court for withdrawal of admissions after hearing on December 5, 2013 (Doc. 87 and 88).

## XV.   THESE RECORDS WOULD BE OF GREAT PUBLIC INTEREST

The core purpose of FOIA is to open up the working of government to public scrutiny through the disclosure of government records. *Stern v FBI, 737 F. 2d 84, 88 (D.D.Cir 1980)*, quoting *McGehee v CIA, 697 F.2d 1095, 1108 (D.D.Cir 1983)* to better inform the public of "What is the government up to?"  *DOJ v Reporters Committee for Freedom of the Press, 489 US*

*749, 773-775(1989).*  Since the plaintiff began requesting records through FOIA, the public throughout this country has become greatly aware of illegal activity by law enforcement and other agency's unwarranted surveillance programs by its government on its people. The balancing test here is whether a law enforcement agency can use a non-law enforcement agency by proxy to withhold non-exempt records that clearly document law enforcement's illegal activity that it does not want the public to know is going on.  The plaintiff's requested records are compelling evidence of the FAA's and DOJ's illegal activity, and the information is necessary to prove the allegations, *Safe Card Services Inc. v SEC, 926 F.2d 1197 (D.D.Cir 1991), National Magazine v US Customs Services, 71 F.3d 885, 896 (D.D. Cir. 1995).*   Since 2004 when plaintiff became aware of this activity, and then in 2005 filed his first FOIA, the law enforcement agencies involved have spent thousands and thousands of tax payer dollars in flight time, fuel, aircraft usage, pilots' pay, etc., in an effort to push the envelope of unwarranted surveillance to include private destinations and places of employment without showing probable cause in outright acts of intimidation, harassment, and stalking.  The interest here, is in how four law enforcement agencies are trying to block release of records that document their illegal activities, and not about "on going" criminal activity as the FAA and DOJ claim.

## XVI.  CONCLUSION

Plaintiff requests the following in the form of Declatory Relief:  Holding that

1.  That the FAA withheld determination of release of records in violation of 5 USC sec 552

   (a)(6)(A)(i) at the behest of four other law enforcement agencies 2011-006360WS

   (Collectively), 2010-008393ES, 2011-008400ES, 2011-008402ES, 2011-008403ES,

   2013-002230ES.

(18)

2. The type of records requested from the FAA by the plaintiff will not violate (b)6, 7 (A), 7(C), 7 (E).

3. To enter a finding of deliberate misconduct by the FAA in 8:12-CV-2009 in its handling of the plaintiff's FOIA requests from 2005-2013, and refer to the Merit System Protection Board for investigation pursuant to 5 USC 552 (a)(4)(F).

4. To enter a finding that the DOJ through the FAA withheld records in order to shield illegal activity, by abusing FOIA terms such as "consulting" , "may be of interest", "potential interest", "suspected criminal activity" "compiled for law enforcement purposes"

Plaintiff requests the following in the form of Injunctive Relief: Holding that

1. For the court to order the release of all remaining records requested by the plaintiff:
   A. 2011-006360WS (Collectively), (Doc 71, Defendants Ex 1), (Plaintiff's Document 46 Amended Complaint, Ex. 2), (Plaintiff's Ex. 14-15-16-17)
   B. 2010-008393ES (Doc. 71, Ex. 3)
   C. 2011-008400ES, 2011-008402ES, 2011-008403 (Doc. 71, Ex. 2)
   D. 2013-002230ES (Doc. 71, Ex. 4)

2. For the court to order the FAA to stop using exemption (b)6, because when individuals speak on a public aviation band radio, there is no expectation of privacy in what they say in public on 100-137MHZ broadcast.

(19)

3.  For the court to order the FAA to refrain from using exemption 7(A), 7(C), 7(E) on FAA records, when there is no legitimate criminal investigation or ongoing enforcement proceeding or when the FAA cannot substantiate a violation of federal law.

## DECLARATION

I, David J. Elkins, under penalty of perjury, make the following declaration pursuant to 28 USC sec 1746, that the above-mentioned statements are true and accurate to the best of my knowledge and recollection sworn this 2nd day of January, 2014 in St. Petersburg, Florida and I understand that it is an equivalent of a statement under oath.

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2014, I electronically filed the foregoing with the Clerk of Court by using the CME/ECF and that a true and correct copy was electronically emailed to:

Eric Kenneth Stegeby

US Attorney's Office-FLM

Suite 3200

400 N. Tampa St.

Tampa, Florida 33602

813-274-6087

Fax: 813-274-6200

Kenneth.Stegeby@usdoj.gov

(20)

Respectfully submitted this 3rd day of February, 2014.


s/ David J. Elkins, pro se

4743 38th Ave. N.

St. Petersburg, FL 33713

727-415-8480

shirleyelkins@rocketmail.com

(21)